1
2
3
4

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

5
6   **AHLAM FEYSSA,** an individual, **N. F.**
7   **(1),** a minor child, **N. F. (2),** a minor
    child, by and through their parent and      NO. 2:25-cv-01494-JCC
8   guardian,

9                           Plaintiffs,          STIPULATED PROTECTIVE ORDER
    vs.
10
    **STATE FARM FIRE & CASUALTY**
11  **COMPANY,** a foreign corporation,

12                          Defendants.

13          **1.      PURPOSES AND LIMITATIONS**
14
15          Discovery in this action is likely to involve production of confidential, proprietary, or

16  private information for which special protection may be warranted. Accordingly, the

17  parties hereby stipulate to and petition the court to enter the following Stipulated

18  Protective Order. The parties acknowledge that this agreement is consistent with Fed. R.

19  Civ. P. 26(c) and LCR 26(c). It does not confer blanket protection on all disclosures or

20  responses to discovery, the protection it affords from public disclosure and use extends

21  only to the limited information or items that are entitled to confidential treatment under

22  the applicable legal principles, and it does not presumptively entitle parties to file

23  confidential information under seal.

24          **2.      "CONFIDENTIAL" MATERIAL**

25          "Confidential" material shall include the following categories of competitively

sensitive, internal-use only, and/or trade secret documents and information (including

STIPULATED PROTECTIVE ORDER NO. 2:25-cv-        EMBER LAW*PLLC*
01494 Pg. – 1                                   1700 Seventh Ave, Suite 2100
                                                Seattle, WA 98101
                                                P. (206) 899-6816 F. (206) 299-0809

electronically stored information), and tangible things if produced or otherwise exchanged in discovery::

    (a)        Sensitive personal information, such as Social Security Numbers and financial information, including but not limited to, Plaintiffs' personal financial records;

    (b)        Documents containing personal information about N.B. (1) and N.B. (2);

    (c)        Materials relating to employee evaluations, compensation, and performance reviews, employee personnel files , and/or sensitive, personal, non-job related, and private information relating to employees;

    (d)        Confidential and/or trade secret claims-handling and claims process materials , underwriting materials, insurance pricing, and/or documents relating to State Farm policies and practices;

    (e)        Any other proprietary, confidential, competitively sensitive, internal-use only, non-public material of a sensitive or proprietary nature, reinsurance, or trade secret information of State Farm and its related entities, financial information, training materials, and contracts or agreements with third parties.

    (f)        Any other documents designated confidential by either party, subject to the limitations and restrictions on confidential designations contained in this order.

The Parties reserve the right to seek by stipulation or motion to enlarge this list as discovery proceeds in the event that any Party seeks additional information not included in the above description which is entitled to protections and is otherwise discoverable under CR 26 and the local rules.

///

### 3.    SCOPE

3.1    The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this Order do not cover information that is in the public domain through proper means or becomes part of the public domain through trial.  Confidential material is not considered part of the public domain at trial or otherwise when Parties adhere to sections 4.2 and 4.3. All such information retains its confidential protections if use was pursuant to a Protective Order, Confidentiality Agreement, Order of a Court, governmental subpoena, regulatory compliance activity, or inadvertent disclosure that was subsequently remedied.

3.2    Specific to insurance-related litigation, an insured is obligated by contract to cooperate with its insurer to provide privacy information, e.g., DOBs, SSNs, driver license numbers, and names of minors for an insurer to evaluate the claim, while the insurer might disclose portions of personnel files of claim handlers, competitive business information, and financial accounting information.  Given this uniqueness of insurance litigation, the parties will cooperate in good faith when filing a motion seeking leave of the court, pursuant to Fed. R. Civ. P. 26(c) and LCR 5, 5.2, 7, 26(c), 37(a)(2)(I), 79, or other court rules, or other court rules to keep confidential and not considered part of the public domain limited information, parts of materials, and/or testimony  introduced in court records or admitted at trial, when designated in good faith as confidential pursuant to an insurance requirement, Protective Order, Confidentiality Agreement, Order of a Court, governmental subpoena, regulatory compliance activity, or inadvertent disclosure

STIPULATED PROTECTIVE ORDER NO. 2:25-cv-01494 Pg. – 3

EMBER LAW*PLLC*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
P. (206) 899-6816 F. (206) 299-0809

1  that was subsequently remedied.

2      3.3      Nothing in this Order shall be construed to prohibit, restrict, or require

3  State Farm to obtain an authorization for the retention, use, or disclosure of nonpublic

4  confidential information and records as authorized or as reasonably required by: State

5  Farm's Information Retention Schedules; federal or state law or regulation; court order;

6  rule, including, but not limited to, Medicare authorities; reporting to a third-party such

7  as to LexisNexis C.L.U.E. (Comprehensive Loss Underwriting Exchange) for Auto &

8  Property Reports or to ISO (Insurance Services Office) for analysis of records in anti-

9  fraud efforts (using non-fraudulent data to benchmark); in reporting for rate-making or

10  otherwise; and in paperless Claim File through its Enterprise Claims Systems for

11  permissible insurance functions. Nothing in this order shall prevent State Farm from

12  retaining all documents necessary for regulatory compliance activities, nor from

13  producing any documents necessary for regulatory compliance activities.

14      **4.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

15      4.1      <u>Basic Principles.</u> A receiving party may use confidential material that is

16  disclosed or produced by another party or by a non-party in connection with this case

17  only for prosecuting, defending, or attempting to settle this litigation. Confidential

18  material may be disclosed only to the categories of persons and under the conditions

19  described in this agreement. Confidential material must be stored and maintained by a

20  receiving party at a location and in a secure manner that ensures that access is limited to

21  the persons authorized under this Order.

22      4.2      <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless

23  otherwise ordered by the court or permitted in writing by the designating party, a

24  receiving party may disclose any confidential material only to:

25      (a)      the receiving party's counsel of record in this action, as well as employees

STIPULATED PROTECTIVE ORDER NO. 2:25-cv-
01494 Pg. – 4

EMBER LAW*PLLC*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
P. (206) 899-6816 F. (206) 299-0809

of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)      the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)      experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Parties agree to provide signed Acknowledgments from each expert with any expert disclosures or at the time of testimony at deposition or trial, as applicable;

(d) the court, court personnel, and court reporters and their staff, as well as mediators, arbitrators, jury consultants, or factfinder(s) while in trial;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3      <u>Filing Confidential Material</u>. Before filing confidential material or

discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose

STIPULATED PROTECTIVE ORDER NO. 2:25-cv-01494 Pg. – 6

EMBER LAW*PLLC*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
P. (206) 899-6816 F. (206) 299-0809

1  unnecessary expenses and burdens on other parties) expose the designating party to

2  sanctions.

3  　　　　If it comes to a designating party's attention that information or items that it

4  designated for protection do not qualify for protection, the designating party must

5  promptly notify all other parties that it is withdrawing the mistaken designation.

6  　　　　5.2　　Manner and Timing of Designations. Except as otherwise provided in this

7  agreement (see, e.g., second paragraph of section 5.2(b) and 5.3 below), or as otherwise

8  stipulated or ordered, disclosure or discovery material that qualifies for protection under

9  this agreement must be clearly so designated before or when the material is disclosed or

10  produced.

11  　　　　(a)　　Information in documentary form: (e.g., paper or electronic documents

12  and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

13  proceedings), the designating party must affix the word "CONFIDENTIAL – SUBJECT

14  TO PROTECTIVE ORDER" to each page that contains confidential material. If only a

15  portion or portions of the material on a page qualifies for protection, the producing party

16  also must clearly identify the protected portion(s) (e.g., by making appropriate markings

17  in the margins).

18  　　　　(b)　　Testimony given in deposition or in other pretrial proceedings: the parties

19  and any participating non-parties must identify on the record, during the deposition or

20  other pretrial proceeding, all protected testimony, without prejudice to their right to so

21  designate other testimony after reviewing the transcript. Any party or non-party may,

22  within thirty (30) days after receiving the transcript of the deposition or other pretrial

23  proceeding, designate portions of the transcript, or exhibits thereto, as confidential.

24  Whether or not designation is made at the time of a deposition, all depositions shall be

25  treated as Confidential from the taking of the deposition until thirty (30) days after receipt

1    of the transcript. If a party or non-party desires to protect confidential information at trial,

2    the issue should be addressed during the pre-trial conference.

3        (c)    Other tangible items: the producing party must affix in a prominent place

4    on the exterior of the container or containers in which the information or item is stored

5    the word "CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER." If only a portion

6    or portions of the information or item warrant protection, the producing party, to the

7    extent practicable, shall identify the protected portion(s).

8        5.3    Inadvertent Failures to Designate. An inadvertent failure to designate

9    qualified material as confidential shall not be deemed a waiver, in whole or in part, of

10    any party's claim of protection pursuant to this Order. Any such inadvertently or

11    unintentionally disclosed information shall be designated as confidential as soon as

12    reasonably practicable after a receiving party becomes aware of the erroneous disclosure

13    and shall thereafter be treated as such by all receiving persons under the terms of this

14    Order. Upon receipt of the properly designated documents, any receiving party must

15    return or destroy the non-designated set within three (3) days of being informed of the

16    inadvertent disclosure. If the receiving party destroys the documents, then the receiving

17    party must provide written certification of the destruction to the designating party within

18    three (3) days of receipt of the properly designated documents. Upon timely correction of

19    an inadvertent failure to designate, receiving parties must make reasonable efforts to

20    ensure that the material is treated in accordance with the provisions of this Order.

21        5.4    Confidential material at trial. Nothing in this Order shall be construed to

22    affect the use of any document, material, or information at any trial or hearing. In the

23    event confidential material (documents or testimony) is used in any court filing or

24    proceeding in this action, it shall not lose its confidential status as between the parties

25    through such use, but it will not be kept out of the public record in this action except by

STIPULATED PROTECTIVE ORDER NO. 2:25-cv-
01494 Pg. – 8

EMBER LAW*PLLC*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
P. (206) 899-6816 F. (206) 299-0809

court order issued upon motion of the party seeking to file the documents under seal. A party that intends to present confidential material at a hearing or trial shall bring that issue to the court's and parties' attention by motion or in a pretrial memorandum without disclosing the confidential material. The party designating the confidential material may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information at the trial. The court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>. Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," that party must:

(a)    promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

8.1    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Order the receiving party must immediately (a) notify in writing the designating party

of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Further, the disclosing Party shall send written notice to the designating Party's counsel providing:

(a)     The names and addresses of the entity or individual to whom the Confidential Information was inadvertently disclosed.

(b)     The date of the disclosure.

(c)     A copy of the notice and demand sent to the entity or individual that inadvertently received the information.

8.2     Unauthorized disclosure may expose that Party to sanctions by this court to the extent allowed by law.

## 9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1     When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502(d), and Rule of Professional Conduct 4.4(b). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. This Order shall be interpreted to provide the maximum

1  protection allowed by Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of
2  Evidence 502(d), and Rule of Professional Conduct 4.4(b).

3         9.2    When a producing party gives notice to receiving parties of an
4  inadvertent or mistaken production of non-responsive material that contains trade secret
5  or other confidential business information, the receiving parties shall return or destroy
6  these materials upon written request by the producing party. This Order shall be
7  interpreted to provide the maximum protection allowed by CR 26(b)-(c) and Rule of
8  Professional Conduct 4.4(b).

9         9.3    The inadvertent or mistaken production of any confidential
10  material which does not contain a designation of "Confidential" may be corrected as set
11  forth in 5.3, and does not estop a designation of "Confidential" at a later date, provided
12  that such subsequent designation is made prior to final and appealable judgment in this
13  case.

**10.    NON TERMINATION AND RETURN OF DOCUMENTS**

15         10.1    Within 60 days after the termination of this action, including all
16  appeals, each receiving party must shred (if paper) or delete (if electronic) all confidential
17  materials, as well as all copies, extracts, notes, reports, memoranda, summaries, or other
18  documents containing such confidential information. Alternatively, the Parties may
19  agree upon appropriate methods of destruction.

20         10.2    Notwithstanding this provision, counsel may retain one archival
21  copy of: all documents filed with the court; trial, deposition, and hearing transcripts;
22  deposition and trial exhibits; expert reports; and attorney work product. Any such
23  documents that contain confidential material shall remain subject to all requirements of
24  this Order for a period of seven (7) years after the termination of this action, including all
25  appeals. Counsel's one archival copy is for the sole and exclusive purpose of complying

STIPULATED PROTECTIVE ORDER NO. 2:25-cv-
01494 Pg. – 12

EMBER LAW*PLLC*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
P. (206) 899-6816 F. (206) 299-0809

1  with any Rule of Professional Conduct and ethical obligations owed to their respective

2  clients.

3      10.3      The confidentiality obligations imposed by this agreement shall remain in

4  effect until a designating party agrees otherwise in writing or a court orders otherwise.

5  The obligations of this Order shall survive the termination of this action and continue to

6  bind the Parties, their counsel, and experts and consultants receiving confidential

7  information under 4.2.  The court will have continuing jurisdiction to enforce this Order

8  irrespective of the manner in which this action is terminated.

9

10      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11      DATED: January 7, 2026

12

13      FREEMAN MATHIS & GARY, LLP
       /s/ S G. Jakobson [with authorization]

14      Galina Kletser Jakobson, WSBA #49501
       701 Fifth Ave. 42nd Floor

15      Seattle, WA 98104
       Telephone: (925) 466-2500

16      Galina.jakobson@fmglaw.com
       Attorney for Defendant

17

18      EMBER LAW PLLC
        /s/ Chance Yager

19      Chance B. Yager, WSBA No. 54486
       Leah S. Snyder, WSBA No. 44384

20      1700 Seventh Avenue Suite 2100
       Seattle, WA 98101

21      P. (206) 468-9410
       F. (206) 299-0809

22      chance@emberlaw.com
       Attorneys for Plaintiffs

23

24

25

1     PURSUANT TO STIPULATION, IT IS SO ORDERED

2     IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), in the event of

3  a production of any documents, electronically stored information (ESI) or information,

4  whether inadvertent or otherwise, a Washington court may order that the privilege or

5  protection is not waived by disclosure connected with the litigation pending before the

6  court--in which event the disclosure is also not a waiver in any other proceeding. This

7  Order shall be interpreted to provide the maximum protection allowed by ER 502(d).

8  The provisions of Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not

9  apply. Nothing contained herein is intended to or shall serve to limit a party's right to

10  conduct a review of documents, ESI or information (including metadata) for relevance,

11  responsiveness and/or segregation of privileged and/or protected information before

12  production. Information produced in discovery that is protected as privileged or work

13  product shall be immediately returned to the producing party.

14

15     DATED: January 7, 2026

16     _____

17                        Honorable John C. Coughenour
United States District Court Judge

18

19

20

21

22

23

24

25

STIPULATED PROTECTIVE ORDER NO. 2:25-cv-
01494 Pg. – 14

EMBER LAW*PLLC*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
P. (206) 899-6816 F. (206) 299-0809

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Western District of

Washington on [date] in the case of *Feyssa v. State Farm Fire and Casualty Company,* Case

No. 2:25-cv-01494 – JCC.

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, including the term that within 60 days after the termination of this

action, including all appeals, I shall provide written confirmation to counsel of record

for Plaintiff that documents and transcripts of testimony that have been designated by

State Farm as Confidential or as disclosing the contents of Confidential documents have

been shredded (if paper) or deleted (if electronic), including the shredding and deletion

of all copies, extracts, notes, reports, memoranda, summaries thereof, or other

documents containing such confidential information. I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

The undersigned, if an expert retained for this action, may retain their own

finalized "expert reports" only to the extent the contents of the reports do not include,

disclose, attach, or refer to State Farm's confidential documents or information. All

confidential information disclosed, cited by, included, attached, referred to, or relied on

by the expert witness shall be redacted and any confidential documents shall be returned

EMBER LAW*PLLC*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
P. (206) 899-6816 F. (206) 299-0809

1  or destroyed pursuant to this Acknowledgement.

2       I further agree to submit to the jurisdiction of the United States District Court for

3  the Western District of Washington for the purpose of enforcing the terms of this

4  Stipulated Protective Order, even if such enforcement proceedings occur after

5  termination of this action.

6  Date: _____

7  City and State where sworn and signed: _____

8  Printed name: _____

9  Signature: _____

EMBER LAW*PLLC*
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
P. (206) 899-6816 F. (206) 299-0809