THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHLAM FEYSSA, *et al.*,<br><br>               Plaintiffs,<br><br>   v.<br><br>STATE FARM FIRE & CASUALTY<br>COMPANY,<br><br>               Defendant. | CASE NO. C25-1494-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for partial summary judgment (Dkt. No. 31). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

This is an insurance bad faith case. (*See generally* Dkt. No. 9-1.) Plaintiffs filed a homeowners insurance claim with Defendant based on water damage to their kitchen. (*See, e.g.*, Dkt. No. 35 at 2.) Defendant made payment for remediation, repairs, and other expenses but Plaintiffs, nevertheless, take issue with the manner it adjusted their claim. (*See generally* Dkt. No. 9-1.) Defendant timely removed the case here and trial is set for early 2027, with a discovery cut off of September 28, 2026. (*See* Dkt. Nos. 1, 24.)

Plaintiffs now seek a ruling that, as a matter of law, Defendant violated Washington's Insurance Fair Conduct Act and Consumer Protection Act by refusing to pay for them to reside

ORDER
C25-1494-JCC
PAGE - 1

elsewhere while remediation and repairs were ongoing. (*See generally* Dkt. No. 31.) At issue is interpretation and application of the "additional living expense" provision in the policy, which obligated Defendant to pay "fair rental value" if the residence becomes "uninhabitable." (Dkt. No. 32-1 at 7.) Plaintiffs contend they present irrefutable evidence that their kitchen was unusable, rendering the residence uninhabitable (and entitling them to fair rental payments) as a matter of law. (*See generally* Dkt. No. 31.) In opposing summary judgment, Defendant points to what it describes as genuine issues of fact and reasonableness determinations not appropriate for summary judgment. (*See generally* Dkt. No. 34.)

By way of review, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).[1] Under Washington law, "[i]nsurance policies are to be construed as contracts, and interpretation is a matter of law." *State Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139, 1141–42 (Wash. 1984). An insurance policy must be given a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000).

As a preliminary matter, the Court must determine if there are genuine issues of fact as to the usability of Plaintiffs' kitchen. If so, questions of law at summary judgment (such as whether

---

[1] Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

ORDER
C25-1494-JCC
PAGE - 2

an inoperable kitchen *de facto* renders a residence uninhabitable, as Plaintiff argues) are premature.

Defendant presents evidence (through its case file) suggesting that, at least initially, Plaintiffs sought alternative housing not because their kitchen was inoperable (thus possibly rendering the house uninhabitable as a matter of law) but because remediation and repair was noisy and inconvenient. (Dkt. No. 36-1 at 15.) Admittedly, Plaintiff's attorney later renewed the request for alternative housing, although the evidence presented by Defendant suggests that the kitchen may have been *partially* operable. Specifically, according to that evidence, the contractor advised Defendant's representative that the kitchen was useable because it had "connected a temporary sink in the kitchen," and the appliances were "working." (*Id.* at 11.) The "only thing" Plaintiffs didn't have access to "is a kitchen table." (*Id.*) The contractor also explained that repairs were proceeding slower than hoped, in part, because Plaintiffs were "still using [the] kitchen." (*Id.* at 9.) Plaintiff's attorney also advised Defendant around that time that the contractor "made sure to reconnect appliances, and set up a temporary sink for preparing meals." (*Id.* at 8.) Finally, Defendant's contemporaneous inspection appears to have determined that Plaintiffs had "a place to store food" and "power to prepare food." (*Id.* at 7.)

While this evidence of usability is thin, and possibly rebutted by Plaintiff's evidence, it is enough to create a genuine issue of fact as to the state of the kitchen, at least based on the record presently before the Court and drawing inferences in a light most favorable to the nonmoving party here. For this reason, the Court need not address at this point whether a completely unusable kitchen renders a home uninhabitable for purposes of the policy at issue. For this reason, the Court will not consider Plaintiffs' exhibit to their reply brief (Dkt. No. 38-1) or Defendant's motion to strike that exhibit (Dkt. No. 39).

Accordingly, the Court declines Plaintiff's request to presently find, as a matter of law, their home uninhabitable. This is because genuine issues of fact remain as to the state of the kitchen throughout the remediation and repair period.

ORDER
C25-1494-JCC
PAGE - 3

For the reasons described above, the Court DENIES Plaintiffs' motion for partial summary judgment (Dkt. No. 31).

DATED this 13th day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-1494-JCC
PAGE - 4